TEXTO COMPLETO DE LA RESOLUCION ENMENDADA
El 31 de agosto de 1998 este Tribunal emitió una resolución que desestimó la apelación presentada por F.R.& S. Corporation (F.R.& S.) por falta de jurisdicción. El 16 de octubre de 1998 dicha parte presentó una moción de reconsideración alegando que el término para presentar su recurso ante este Tribunal quedó interrumpido en virtud de una solicitud de determinaciones de hechos adicionales presentada oportunamente por F.R.& S. ante el Tribunal de Primera Instaneia, Subsección de Distrito, Sala de San Juan.
Por los fundamentos que pasamos a exponer, se modifica la resolución emitida por este Tribunal el 31 de agosto de 1998 para conformarla a los fundamentos expuestos en la presente resolución.
I
Debido a lo azaroso del trámite procesal del presente caso, para resolver el mismo es necesario hacer un recuento detallado de los procedimientos pertinentes llevados a cabo ante el Tribunal de Primera Instancia. 
El presente caso trata de una querella instada el 1 de octubre de 1993 por el Sr. Miguel Gálvez Pimentel (Sr. Gálvez) contra F.R.&S., al amparo del procedimiento sumario de reclamación de *901 salarios establecido por la Ley 2 del 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sees. 3118 y ss.
Luego de la celebración de varias vistas, el 9 de mayo de 1995 el tribunal a quo (Juez Carlos L. González Reyes) dictó una resolución en la que determinó que F.R.&S. es responsable de pagar al Sr. Gálvez una compensación por despido injustificado y por las horas de tomar alimentos no compensadas debidamente. El tribunal a quo ordenó a las partes presentar un informe sobre los cómputos de la cuantía de indemnización para posteriormente proceder a dictar sentencia final en el caso. De dicha determinación ninguna de las partes solicitó revisión.
El 17 de junio de 1997, luego de la celebración de una vista y de que las partes presentaran sus correspondientes informes, el tribunal apelado (Jueza Awilda Irizarry) dictó sentencia estableciendo la cuantía de la indemnización correspondiente al Sr. Gálvez. Dicho foro incluyó en el cómputo una partida correspondiente a licencia por enfermedad, otra correspondiente a indemnización por despido injustificado y finalmente una correspondiente a las horas de tomar alimentos, totalizando la compensación asignada al Sr. Gálvez en $12,695. Dicha sentencia fue notificada a las partes el 1 de agosto de 1997.
Oportunamente, el 8 de agosto de 1997, F.R.&S. presentó una solicitud de determinaciones de hechos adicionales. El 18 de agosto de 1997, también dentro del término, F.R.&S. presentó una moción de reconsideración y reiteró en la misma su solicitud de determinaciones de hechos adicionales. 
Entre otros asuntos, F.R.&S. alegó en su moción de reconsideración que el Tribunal se excedió en la indemnización otorgada al Sr. Gálvez, por cuanto se incluyó en el cómputo una partida correspondiente a licencia por enfermedad, cuando en la resolución del 9 de mayo de 1995 no se había determinado responsabilidad de F.R.&S. por tal partida.
El 22 de septiembre de 1997 el tribunal a quo (Jueza Awilda Irizarry) enmendó su sentencia del 17 de junio de 1997 para modificar la cuantía de la compensación, eliminando la partida correspondiente a la licencia por enfermedad. Se estableció así la indemnización en $12,287 a favor del Sr. Gálvez.
Cabe señalar en este punto que la solicitud de determinaciones de hechos presentada por F.R.&S. el 8 de agosto de 1998 tuvo el efecto de interrumpir el término para apelar, hasta que el tribunal resolviera dicha solicitud. El mismo 22 de septiembre de 1997, fecha en que se dictó la sentencia enmendada, el tribunal a quo resolvió la solicitud de determinaciones de hechos, declarándola sin lugar. A pesar de que el Tribunal de Primera Instancia no acogió la moción de reconsideración presentada por F.R.&S. dentro del término de diez (10) días dispuesto por la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A Ap. III, R. 47, para que se interrumpa el término para solicitar revisión o apelación, su actuación de enmendar la sentencia del 17 de junio de 1997 fue válida por cuanto al 22 de septiembre de 1997, aún dicha sentencia no era final y firme, ya que la moción de determinaciones de hechos aún no había sido resuelta. Lagares Pérez v. E.L.A., _ D.P.R. _ (1997), 97 J.T.S. 149.
El 3 de noviembre de 1997 se le notificó a las partes la sentencia del 22 de septiembre del mismo año. Oportunamente, el 13 de noviembre de 1997, F.R.&S. presentó una solicitud de determinaciones de hechos adicionales consolidada con una moción de reconsideración. En este escrito F.R.&S. acogió exactamente los mismos planteamientos levantados originalmente en sus escritos presentados el 8 v el 18 de agosto de 1997.
En su moción de reconsideración del 13 de noviembre de 1997, F.R.&S. reconoce que sus planteamientos sobre la modificación de la cuantía de la compensación a favor del Sr. Gálvez son académicos por cuanto el 22 de septiembre de 1997 el tribunal eliminó la partida de indemnización correspondiente a la licencia por enfermedad. Sin embargo, F.R.&S. se reiteró en sus demás planteamientos, los cuales estaban dirigidos a impugnar la determinación original del 9 de mayo de 1995, referente a la responsabilidad de F.R.&S. por despido injustificado y por las horas de alimentos adeudadas al Sr. Gálvez.
*902 El 8 de diciembre de 1997, el tribunal apelado (Jueza Awilda Irizarry) dejó sin efecto su sentencia del 22 de septiembre de 1997 y ordenó la continuación de los procedimientos. Luego de llevarse a cabo procedimientos posteriores en el presente caso, el 24 de marzo de 1998, el foro apelado (Jueza Carmen Dolores Ruiz López) emitió sentencia bajo los mismos términos de la sentencia.dictada el.22 de septiembre de 1997. Dicha sentencia fue notificada el 14 de mayo de 1998.
El 26 de mayo de 1998, F.R.&S. presentó una moción de reconsideración unida a una solicitud de determinaciones de hechos adicionales. En este escrito, F.R.&S. se reiteró en sus solicitudes anteriores de reconsideración y determinaciones de hechos adicionales, esto es, en las presentadas originalmente el 8 y 18 de agosto de 1997.
El 19 de junio de 1998 el tribunal apelado resolvió la moción de reconsideración y la solicitud de determinaciones de hecho adicionales con un "no ha lugar". Dicha determinación fue notificada a las partes el 23 de junio de 1998. El 21 de julio de 1998, F.R.&S. presentó el recurso de apelación que nos ocupa.
A pesar de lo alegado por F.R.&S., a los efectos de que la moción de determinaciones de hechos adicionales presentada el 26 de mayo de 1998 tuvo el efecto de interrumpir el término para que dicha parte presentara el correspondiente recurso de apelación, este Tribunal se reafirma en su determinación en cuanto a que este foro apelativo no tiene jurisdicción para resolver el recurso presentado.
En el presente caso, las actuaciones del tribunal a quo luego de emitir su sentencia del 22 de septiembre de 1997, fueron realizadas sin que dicho foro tuviera jurisdicción para ello. Veamos.
La sentencia del 22 de septiembre de 1997 fue emitida para modificar la sentencia dictada el 17 de junio de 1997, sólo en términos de la cuantía concedida al Sr. Gálvez como indemnización por despido injustificado y horas de tomar alimentos no pagadas. Específicamente esta modificación fue solicitada por F.R.&S en su escrito de reconsideración presentado ante el foro apelado el 18 de agosto de 1997.
Luego de que el tribunal apelado resolvió el 22 de septiembre de 1997 los planteamientos esbozados por F.R.&S. en su solicitud de reconsideración, acogiendo su petición de modificación de la compensación, F.R.&S. estaba impedida de levantar posteriormente los mismos argumentos. Máxime cuando sus planteamientos estaban dirigidos a impugnar su responsabilidad por despido injustificado y horas de alimentos no compensadas debidamente, lo cual había sido resuelto por el tribunal a quo en su resolución del 9 de mayo de 1995. Esta determinación advino final y firme sin que F.R.&S. presentara el correspondiente recurso de certiorari.
El tribunal a quo actuó incorrectamente el 8 de diciembre de 1997 al dejar sin efecto su sentencia enmendada del 22 de septiembre de 1997. Esto lo hizo en virtud de una solicitud de reconsideración y de determinaciones de hecho adicionales, que por contener planteamientos académicos, no era suficiente para que el Tribunal dejara sin efecto una sentencia válidamente dictada.
A todas luces el único propósito de F.R.&S. al presentar reiteradamente la misma solicitud de determinaciones de hechos era lograr interrumpir el término para solicitar la revisión de las determinaciones del foro apelado. La Regla 43.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.3, la cual dispone lo referente a la solicitud de determinaciones de hechos adicionales, no tiene el propósito de aumentar el término jurisdiccional para apelar o presentar un certiorari. Su propósito es brindarle al tribunal sentenciador la oportunidad de enmendar o corregir cualquier error cometido. Andino v. Topeka Inc., _ D.P.R. _ (1997), 97 J.T.S. 46, a la pág. 875.
A base de lo anterior, se resuelve que lo actuado por el Tribunal luego del 22 de septiembre de 1997 no tiene efecto alguno, siendo la determinación emitida en dicha fecha final y firme. Por lo tanto, habiendo actuado el tribunal a quo sin jurisdicción en los procedimientos posteriores del caso, este Tribunal carece de jurisdicción para resolver el recurso presentado por F.R.&S.
A tenor con los fundamentos anteriormente expuestos, se modifica la resolución emitida por este *903 Tribunal el 31 de agosto de 1998 y así modificada se ratifica, desestimándose el presente por falta de jurisdicción.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General